No. 21,693.

THE BOARD OF EDUCATION OF THE CITY OF WICHITA, *Plaintiff,*
v. L. W. CLAPP, as Mayor of the City of Wichita, *Defendant.*

### SYLLABUS BY THE COURT.

MANDAMUS—*Election—School Bonds—Statute Repealed.* Section 9081 of the General Statutes of 1915 has been repealed by chapter 268 of the Laws of 1917.

Original proceeding in mandamus. Opinion filed January 12, 1918. Writ denied.

*S. B. Amidon, D. M. Dale,* and *S. A. Buckland,* all of Wichita, for the plaintiff.

*Robert C. Foulston,* of Wichita, for the respondent.

The opinion of the court was delivered by

MARSHALL, J.: By mandamus, the plaintiff seeks to compel the defandant to issue a proclamation calling a special election in the city of Wichita to vote bonds in the sum of $150,000 for the purpose of purchasing schoolhouse sites and of erecting school buildings thereon. The board of education of the city proceeded under section 9081 of the General Statutes of 1915, and now seeks to compel the defendant, as mayor of the city, to call a special election under this section for the purpose of voting the bonds. The defendant refuses to call the election, and urges, as his reason for so refusing, that the board of education does not have authority to issue such bonds, for the reason that section 9081 of the General Statutes of 1915 was repealed by chapter 268 of the Laws of 1917. The defendant does not give any other reason or excuse for not issuing his proclamation calling an election. Section 9081 of the General Statutes of 1915 reads:

"It shall be the duty of the mayor of such city of the first class, within thirty days after receiving a certified copy of the action of the board of education, showing a necessity and giving a statement of the estimated cost of such school sites, repairs, additions, building or buildings, signed by the clerk and countersigned by the president of the board, to issue a proclamation for holding an election to vote bonds to the amount prayed for by the board; and no bonds shall be issued unless a majority of the

qualified electors of the city school district voting at such election shall vote therefor; nor shall the entire amount of such school bonds issued exceed, in the aggregate, including existing indebtedness, *one per cent* of the value of the taxable property of such city as ascertained by the last assessment for state and county purposes previous to incurring the proposed indebtedness. Any member of a board of education, or officer thereof, who shall vote for, counsel, consent to, or in any wise assist in the issue of any bond or bonds in excess of the per centum herein authorized, shall be liable jointly and severally to the holder of any such bonds for the amount due thereon, to be recovered in a civil action in any court of competent jurisdiction; and judgment rendered thereon may be collected and enforced in the same manner as other judgments are collected and enforced: *Provided,* That in cities of the first class having more than 70,000 population, school bonds may be issued to the extent of not more than one and five-tenths per cent of such value of taxable property."

That section was amended by changing the italicized words "one per cent" so as to read "two and one-half per cent," and by changing the proviso at the end of the section so as to read, *"Provided,* This act shall not apply to cities having a population of 53,000 or more, and having an assessed valuation of $65,000,000." This shows the change made in the law, but a clear presentation of the situation cannot be made without fully setting out chapter 268 of the Laws of 1917. This chapter, together with its title, is as follows:

"An Act relating to the issuing of bonds by boards of education in cities of the first class, limiting the amount of bonds which may be issued by said boards, amending section 9081 of the General Statutes of Kansas for 1915, and repealing said original section 9081.

*"Be it enacted by the Legislature of the State of Kansas:*

"SECTION 1. That section 9081 of the General Statutes of Kansas for 1915 is hereby amended so as to read as follows: Section 9081. That it shall be the duty of the mayor of such city of the first class within thirty days after receiving a certified copy of the action of the board of education, showing a necessity and giving a statement of the estimated cost of such school sites, repairs, additions, building or buildings, signed by the clerk and countersigned by the president of the board, to issue a proclamation for holding an election to vote bonds to the amount prayed for by the board; and no bonds shall be issued unless a majority of the qualified electors of the city school district voting at such election shall vote therefor; nor shall the entire amount of such school bonds issued exceed in the aggregate, including existing indebtedness, two and one-half per cent of the valuation of taxable property of such city as ascertained by the last assessment for state and county purposes previous to incurring the proposed indebtedness. Any member of a board of education, or officer thereof, who shall vote for, counsel, consent to or in any wise assist in the issue of any bond or bonds in excess of the per centum

herein authorized shall be liable jointly and severally to the holder of any such bonds for the amount due thereon, to be recovered in a civil action in any court of competent jurisdiction; and judgments thereon may be collected and enforced in the same maner as other judgments are collected and enforced: *Provided,* This act shall not apply to cities having a population of 53,000 or more, and having an assessed valuation of $65,000,000.

"Sec. 2. That section 9081 of the General Statutes of Kansas for 1915 is repealed.

"Sec. 3. That this act shall take effect and be in force from and after its publication in the official state paper."

[Published in official state paper March 10, 1917.]

The plaintiff argues that the legislature did not intend to deprive the cities of the first class described in the proviso of section 1 of the act, of the power to vote bonds for school purposes. The plaintiff says:

"The courts have held that an absolute repeal will be qualified by reason of a purpose manifested in the repealing statute as to the subject matter not covered by the repealing statute."

The plaintiff cites a number of authorities which appear to sustain the principle contended for, but, when we examine the title of chapter 268 of the Laws of 1917 and see that the title includes a repeal of section 9081 of the General Statutes of 1915, and when we examine section 2 of chapter 268 and see that it expressly repeals section 9081, the court is driven to the conclusion that the legislature intended to repeal that section. To hold otherwise would be to say that the legislature did not do what it said it did do, and did not do what it said in the title of the act it intended to do.

The legislative history of the act may be of some assistance. The bill was introduced in the house as house bill No. 374. The only amendments then proposed to section 9081 were made by changing the amount of bonds authorized from one per cent to two and one-half per cent of the valuation and by striking out the proviso at the end of the section. The bill passed the house in that form. The Senate Journal for 1917, page 546, recites:

"Senator Getty moved to amend house bill No. 374 by adding at the end of section 1 the following: 'provided, this act shall not apply to cities having a population of 53,000 or more and an assessed valuation of $65,000,000 or more.' The motion prevailed."

The bill passed the senate as thus amended, was sent back to the house, and was passed by the house in the amended form.

If the bill as it passed the house had become a law, it would have applied to all cities of the first class. The bill as it finally passed, with the senate amendment, became a law and applies to all cities of the first class, except those described in the amendment.

When the legislature, in the title to an act, says that the act does repeal a certain statute, and then, by a specifically repealing section in the act, positively states that it does repeal that statute, the courts are bound to conclude that the legislature did what it intended to do.

Section 9081 of the General Statutes of 1915 has been repealed, and bonds for school purposes cannot be issued under it by boards of education in cities having more than 53,000 population and more than $65,000,000 valuation.

The writ of mandamus is denied.